# United States District Court

<u>MIDDLE</u>      District of      <u>TENNESSEE</u>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| JOSEPH S. NICHOLS | Case Number:    3:13-00106 |
| | USM Number:    21647-075 |
| | <u>Kyle F. Mothershead</u> |
| | Defendant's Attorney |

## THE DEFENDANT:

__X__    pleaded guilty to count(s)    <u>One (1)</u>

_____    pleaded nolo contendere to count(s) _____
which was accepted by the court.

_____    was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Distribution of Child Pornography | March 30, 2011 | One (1) |

     The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____    The defendant has been found not guilty on count(s) _____

__X__    Counts <u>two (2) and three (3)</u> are dismissed on the motion of the United States.

     It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>January 11, 2016</u>
Date of Imposition of Judgment

_Todd Campbell_
Signature of Judge

<u>Todd J. Campbell, U.S. District Judge</u>
Name and Title of Judge

<u>January 11, 2016</u>
Date

DEFENDANT:          JOSEPH S. NICHOLS
CASE NUMBER:        3:13-00106

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

_____ two hundred sixteen (216) months _____.

___X___          The court makes the following recommendations to the Bureau of Prisons:

                 1. Mental health treatment.

___X___          The defendant is remanded to the custody of the United States Marshal.

_____          The defendant shall surrender to the United States Marshal for this district:

                 _____          at _____          _____ a.m.          _____ p.m.  on _____

                 _____          as notified by the United States Marshal.

_____          The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

                 _____          before 2 p.m. on _____.

                 _____          as notified by the United States Marshal.

                 _____          as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                              _____
                                              UNITED STATES MARSHAL

                                              By _____
                                                 DEPUTY UNITED STATES MARSHAL

DEFENDANT:          JOSEPH S. NICHOLS
CASE NUMBER:      3:13-00106

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of: _____Life_____

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

| | |
|---|---|
| _____ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| ___X___ | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.) |
| ___X___ | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.) |
| _____ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| _____ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable.) |

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSEPH S. NICHOLS
CASE NUMBER: 3:13-00106

# SPECIAL CONDITIONS OF SUPERVISION

1.    The Defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons.

2.    The Defendant shall cooperate in the collection of DNA as directed by the Probation Office.

3.    The Defendant shall pay restitution of $1,000.00 to attorney Thomas Watson in care of the victim of the Cindy Series and restitution of $1,000.00 for victim John Doe III and $1,000.00 for victim John Doe IV to attorney Erik L. Bauer in trust for these two victims of the 8 Kids Series, for a total of $3,000.00 of restitution to the victims. Payments shall be submitted to the United States District Court, Clerk's Office, Eighth Floor, 801 Broadway, Nashville, Tennessee 37203. Restitution is due immediately. While Defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the Defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the Defendant's gross monthly income. No interest shall accrue. Pursuant to 18 U.S.C. § 3664(k), the Defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

4.    The Defendant shall participate in sex offender assessment and treatment, including but not limited to polygraph examinations recommended by the treatment provider and as directed by the U.S. Probation Office. The Defendant shall contribute to the cost as determined by the U.S. Probation Office.

5.    The Defendant shall not consume any alcoholic beverages, if required by the U.S. Probation Office as part of sex offender treatment.

6.    The Defendant shall not associate with children under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g., playgrounds, parks, malls, day-care centers or schools) unless approved by the U.S. Probation Office. The Defendant shall have no contact with any victims.

7.    The Defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The Defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct, as defined in 18 U.S.C. §2256(2).

8.    The Defendant shall not possess or use a device capable of creating pictures or video without the prior permission of the U.S. Probation Office.

9.    The Defendant shall not rent or use a storage facility without the prior permission of the U.S. Probation Office.

10.   The Defendant shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the United States Probation Office. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system. The Defendant's residence shall not contain any electronic devices capable of Internet access without prior approval of the Probation Officer.

11.   The Defendant shall consent to the U.S. Probation Office conducting unannounced examinations of the Defendant's computer system(s), mobile devices, and internal/external storage devices, and online accounts, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. The Defendant will consent to having installed on the Defendant's computer(s), any hardware/software to monitor computer use or prevent access to particular materials. The Defendant will further consent to periodic inspection of any such installed hardware/software to ensure it is functioning properly.

12.   The Defendant shall provide the U.S. Probation Office with accurate information about the Defendant's entire computer system (hardware/software) and internal/external storage devices; all passwords used by the Defendant; and will abide by all rules regarding computer use and restrictions as provided by the U.S. Probation Office.

13.   The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

14.   The Defendant shall participate in a mental health program as directed by the United States Probation Office. The Defendant shall pay all or part of the cost for mental health treatment if the United States Probation Office determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

15.   The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

DEFENDANT:          JOSEPH S. NICHOLS
CASE NUMBER:      3:13-00106

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached sheet.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$100.00** | **$0.00** | $3,000.00 |

_____  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___X___  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| 1. Tom Watson,<br>Attorney for the Victim<br>of the Cindy Series | $1,000.00 | $1,000.00 | |
| 2. Erik L. Bauer,<br>Attorney in trust for victim<br>John Doe III of the<br>8 Kids Series | $1,000.00 | $1,000.00 | |
| 3. Erik L. Bauer,<br>Attorney in trust for victim<br>John Doe IV of the<br>8 Kids Series | $1,000.00 | $1,000.00 | |

The Government shall of file under seal the names and addresses of the individuals to whom the Clerk of Court should send restitution.

| **TOTALS** | $3,000.00_____ | $3,000.00_____ | |

_____  Restitution amount ordered pursuant to plea agreement $_____

_____  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments sheet may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___X___  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ___X___ the interest requirement is waived for the    _____ fine  ___X___ restitution.

    _____ the interest requirement for the  _____ fine  _____ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        JOSEPH S. NICHOLS
CASE NUMBER:      3:13-00106

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    _____        Lump sum payment of $_____ due immediately, balance due

                            _____  not later than _____, or

                            _____  in accordance _____ C, _____ D, _____ E, or _____ F below; or

B    __X__          Payment to begin immediately (may be combined with _____ C, _____ D, or __X__ F below); or

C    _____        Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    _____        Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    _____        Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    __X__          Special instructions regarding the payment of criminal monetary penalties:

                    See Special Conditions of Supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_____        Joint and Several

               Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

_____        The defendant shall pay the cost of prosecution.

_____        The defendant shall pay the following court cost(s):

__X__          The defendant shall forfeit the defendant's interest in the following property to the United States:

               Dell Inspiron laptop computer, s/n GSPTG81, and a Red Lacie External Hard Drive enclosure containing Maxtor External Hard Disk Drive, s/n Y48M2VSE.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including the cost of prosecution and court costs.